OPINION
{¶ 1} Lawrence L. Kintz appeals from the judgment of the Lake County Court of Common Pleas, entered following bench trial, sentencing him to a total term of three years imprisonment for two counts of aggravated vehicular assault, and operating a vehicle under the influence of alcohol. Mr. Kintz asserts his convictions for aggravated vehicular assault are against the manifest weight of the evidence. Our review of the record leads us to disagree, and requires us to affirm. *Page 2 
 {¶ 2} July 7, 2007, at about 4:25 p.m., Mr. Kintz rear ended a motorcycle driven by Ronald Colonna as both were driving southbound on State Route 91, near the intersection with Glen Drive, in the city of Eastlake, Ohio. Mr. Colonna and his passenger, Ms. Rosemary McNeeley, suffered extensive injuries. Mr. Kintz was arrested by Officer William Lewis of the Eastlake police for operating his 2004 Cadillac while under the influence of alcohol.[1]
 {¶ 3} An indictment in five counts by the Lake County Grand Jury was filed against Mr. Kintz November 9, 2007: Count 1, aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree; Count 2, aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree; Count 3, operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; Count 4, operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(h), a misdemeanor of the first degree; and, Count 5, failure to maintain assured clear distance ahead in violation of R.C. 4511.21(A), a minor misdemeanor. November 30, 2007, Mr. Kintz filed a written waiver of his right to appear at arraignment, and pleaded not guilty to each count of the indictment.
 {¶ 4} January 11, 2008, Mr. Kintz waived a jury trial. The matter came on for bench trial February 15 and February 22, 2008. Four witnesses appeared for the state: Jeffrey Schudel; Mr. Colonna; Ms. McNeeley; and Officer Lewis. Mr. Kintz testified on his own behalf.
 {¶ 5} Mr. Schudel testified that it was a hot, clear afternoon, and that he was *Page 3 
driving his van southbound on State Route 91, in the left lane. As he approached the intersection with Glen, the light was red, and he slowed down. He noticed a large motorcycle, with a driver and passenger, in the lane to his right, also slowing. The light turned green; then, suddenly, a black Cadillac struck the rear of the motorcycle. The motorcycle was propelled twenty or thirty feet forward, wobbling, its driver attempting to regain control, before it fell over. Mr. Schudel stopped to help.
 {¶ 6} Mr. Colonna's testimony was substantially the same as Mr. Schudel's.
 {¶ 7} Mr. Kintz recalled events differently. He testified traffic was congested in the right hand, southbound lane of State Route 91 because Mr. Colonna was driving his motorcycle too slowly. He testified that, as he approached the intersection with Glen (where he asserted the light was green, not red), he was preparing to move around Mr. Colonna by switching into the left lane, when the latter slammed on his brakes. Mr. Kintz asserted that the rear of Mr. Colonna's motorcycle became lodged on top of the hood of his Cadillac, and that he got out of his car to help dislodge it, but Mr. Colonna succeeded in doing so himself. Mr. Kintz recalled Mr. Colonna remounting his vehicle, and roaring away at high speed, then losing control of the motorcycle some sixty to eighty feet down the road.
 {¶ 8} At the conclusion of trial, the trial court found Mr. Kintz guilty of both counts of aggravated vehicular assault, and both OVI counts.[2] This judgment was memorialized by an entry filed February 26, 2008.
 {¶ 9} Sentencing hearing was had March 21, 2008. By a judgment entry filed March 25, 2008, the trial court sentenced Mr. Kintz to three years imprisonment for the *Page 4 
first count of aggravated vehicular assault; two years for the second aggravated vehicular assault; and six months for operating a vehicle under the influence of alcohol.[3] The sentences were concurrent. The trial court further ordered Mr. Kintz to pay restitution; fined him; and, suspended his driving license for eight years.
 {¶ 10} April 22, 2008, Mr. Kintz timely noticed this appeal, assigning a single error:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the *Page 5 
evidence and the credibility of the witnesses. State v. DeHass (1967),10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 14} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 15} In support of his assignment of error, Mr. Kintz points to his own testimony that Mr. Colonna and Ms. McNeeley were not injured by the collision between his car and their motorcycle, but by Mr. Colonna's recklessness in speeding off following the accident. We respectfully note that Mr. Kintz's recollection of the accident was at complete variance with that, not merely of Mr. Colonna, but of a disinterested third party witness — Mr. Schudel. The trial court was within its rights when it chose to credit the nearly identical descriptions of the accident given by Mr. Colonna and Mr. Schudel, rather than the testimony of Mr. Kintz, and we may not substitute our judgment. Awan at 123.
 {¶ 16} The assignment of error lacks merit.
 {¶ 17} The judgment of the Lake County Court of Common Pleas is affirmed.
 {¶ 18} It appears from the record that appellant is indigent, costs are waived. *Page 6 
 {¶ 19} The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Mr. Kintz's breathalyzer test indicated a blood alcohol level of .234.
[2] The fifth count, failure to maintain assured clear distance, had been nolled by the trial court on the state's motion.
[3] For sentencing purposes, the trial court merged the OVI convictions. *Page 1